UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZAKEE JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-02443-SEB-DML |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255,
Denying Motion for Abeyance and Appointment of Counsel,
and Denying Certificate of Appealability**

For the reasons explained in this Order, Zakee Johnson's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United*

1

*States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

In February 2017, Mr. Johnson was charged with four counts of interference with commerce by robbery ("Hobbs Act robbery") in violation of 18 U.S.C. § 1951, and four counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *United States v. Johnson*, 1:17-cr-00027-SEB-MJD-1 ("Crim. Dkt."), dkt. 18. In June 2018, a grand jury returned a superseding indictment that omitted two counts of brandishing a firearm during a crime of violence. Crim. Dkt. 60.

The next month, Mr. Johnson executed a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Crim. Dkt. 81. He agreed to plead guilty to all four counts of Hobbs Act robbery and one count of brandishing a firearm during a crime of violence in exchange for dismissal of the second count of brandishing a firearm during a crime of violence. *Id.* at ¶¶ 1-2. The parties agreed to a sentence between 240 and 360 months' imprisonment. *Id.* at ¶ 10.

The plea agreement contained the following stipulated facts: (1) Mr. Johnson entered a tobacco store, brandished a firearm, demanded money from the cash register, removed money from the cash register, threatened to shoot the employee if he called the police, and destroyed the security system in the tobacco store; (2) Mr. Johnson entered a fast food restaurant minutes after robbing the tobacco store, asked the employees to open the cash registers, brandished a firearm, grabbed cash from the cash registers, and fled the restaurant; (3) three days later, Mr. Johnson entered another fast food restaurant, brandished a firearm, demanded money from the cash register, removed currency from the cash register, demanded money from the safe, and left the restaurant; and (4) shortly after robbing the fast food restaurant, Mr. Johnson entered a liquor store, brandished a firearm, pointed it at two different employees while demanding money, took money handed to

him by the employees, and left the liquor store. *Id.* at ¶ 12. For each robbery, Mr. Johnson admitted that "[a]s a result of his actions, items moving in interstate commerce were actually or potentially delayed, obstructed, or affected." *Id.*

Mr. Johnson also waived certain rights as part of his plea agreement. Specifically, he waived his "right to appeal the conviction and sentence imposed in this case on any ground" and his right to "contest, or seek to modify, [his] conviction or sentence or the manner in which either was determined in any later legal proceeding." *Id.* at ¶¶ 18-19. The waiver pertaining to later legal challenges contained an exception for claims of ineffective assistance of counsel. *Id.* at ¶ 19.

The Court conducted a change of plea hearing on July 9, 2018. Crim. Dkt. 84 (minute entry); Crim. Dkt. 114 (transcript). During this hearing, Mr. Johnson stated that he reviewed the superseding indictment with counsel and "knew exactly" what he was charged with. Crim. Dkt. 114 at 4-6. He also declined an opportunity to ask the Court about the essential elements of the charged offenses or the statutory penalties applicable to them. *Id.* at 6-7. After the Court reviewed the appeal and later legal challenge waivers, Mr. Johnson stated he understood those provisions and indicated that he had no questions concerning those provisions. *Id.* at 9-10.

When the Court reviewed the factual basis for the guilty plea, Mr. Johnson admitted the truth of those facts, expressed no disagreement with them, and agreed that he committed the acts as described. *Id.* at 20-21. The Court thereafter found that Mr. Johnson was "aware of the nature of the charges and the consequences of his plea" and "that his plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of each of [the] five offenses." *Id.* at 22. It accepted Mr. Johnson's guilty plea and advised him as to the next steps. *Id.* at 22-23.

A presentence investigation report ("PSR") was prepared, and the Court conducted a sentencing hearing in November 2018. Crim. Dkt. 88 (presentence investigation report); Crim. Dkt. 92 (minute entry); Crim. Dkt. 112 (transcript). There were no objections to the PSR, and the Court concluded that the total offense level was 27 and Mr. Johnson's criminal history category was I. Crim. Dkt. 114 at 10. The resulting guidelines sentencing range was 70 to 84 months' imprisonment for the Hobbs Act robbery counts and a consecutive 84-month term of imprisonment for the count of brandishing a firearm in furtherance of a crime of violence. *Id.* at 11. The Court reviewed the sentencing factors listed in 18 U.S.C.§ 3553(a) and imposed an aggregate term of 264 months' imprisonment and five years' supervised release. *Id.* at 32-38. After pronouncing the sentence, the Court notified Mr. Johnson of the timeline for filing a notice of appeal and advised him to speak with counsel about it. *Id.* at 38.

Judgment was entered on November 27, 2018, Crim. Dkt. 96, and Mr. Johnson filed a notice of appeal on December 7, 2018, Crim. Dkt. 99. The Seventh Circuit granted Mr. Johnson's motion to voluntarily dismiss the appeal in March 2019. Crim. Dkt. 117. He filed a second notice of appeal in December 2018, but that appeal was also dismissed on Mr. Johnson's motion. Crim. Dkt. 105; Crim. Dkt. 110. Mr. Johnson filed this motion for relief under 28 U.S.C. § 2255 in September 2020. Dkt. 1; Crim. Dkt. 125.

### III. Discussion

Mr. Johnson presents two claims of ineffective assistance of counsel in his § 2255 motion: (1) counsel failed to perfect an appeal; and (2) counsel failed argue that the Hobbs Act robbery counts were not crimes of violence. *See* dkt. 1. In his reply, he also contends that the Court committed several errors during the change of plea colloquy and that there was no interstate nexus for the Hobbs Act robbery counts. *See* dkt. 9 at 6-9.

### A. Waived Arguments

The Seventh Circuit has "repeatedly recognized that district courts are entitled to treat an argument raised for the first time in a reply brief as waived." *O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) (collecting cases); *see also United States v. Desotell*, 929 F.3d 821, 826 (7th Cir. 2019) ("In most instances, litigants waive any arguments they make for the first time in a reply brief."). Mr. Johnson waited until his reply brief to present his challenges to (1) the knowledge element of the count of brandishing a firearm during a crime of violence; (2) the sufficiency of the plea colloquy; (3) the Court's consideration of the sentencing factors listed in 18 U.S.C. § 3553(a); and (4) the interstate nexus of the Hobbs Act robbery counts. He provides no explanation for this delay. Because these arguments were not raised until his reply, they are waived, and the Court will not address them on the merits.

### B. Ineffective Assistance of Counsel

The Court will, however, address the merits of the ineffective assistance of counsel claims presented in Mr. Johnson's § 2255 motion. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* On the prejudice prong, a petitioner "must show that but

for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up).

### 1. Perfect an Appeal

Mr. Johnson first alleges that counsel provided ineffective assistance by failing to perfect an appeal.[1] Dkt. 1 at 5. The Court understands Mr. Johnson to assert this claim against appellate counsel, not trial counsel.[2] *Id.* ("A[n] appeal was filed but counsel did not appeal the court of appeal order/judgment."); *see also* dkt. 9 at 4 (arguing that Mr. Johnson was denied an entire proceeding because appellate counsel deficiently advised Mr. Johnson to withdraw his appeal).

The argument that appellate counsel is ineffective for failing to timely petition for a writ of certiorari is a "non-starter." *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009). "[A] criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari. And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." *Id.*

The Supreme Court's decisions in *Garza v. Idaho*, 139 S. Ct. 738 (2019), and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), do not revive Mr. Johnson's claim because they analyze counsel's performance with respect to a first appeal of right. There is a critical distinction between a first appeal of right and filing a petition for a writ of certiorari: "A criminal defendant enjoys a right to counsel through his first appeal of right but once the direct appeal has been decided, the right to counsel no longer applies." *Resendez v. Smith*, 692 F.3d 623, 626 (7th Cir. 2012) (cleaned up). Because Mr. Johnson did not have a right to counsel with respect to a petition for a writ of

---

[1] Construing the reply liberally, Mr. Johnson could be understood to challenge appellate counsel's advice to voluntarily dismiss his appeal. *See* dkt. 9 at 4. Because Mr. Johnson presented this argument for the first time in his reply, it is waived.

[2] The Court notes that any such claim against trial counsel would be unsuccessful because a notice of appeal was timely filed after judgment was entered. *See* Crim. Dkt. 99.

certiorari, he cannot establish that appellate counsel provided ineffective assistance by failing to pursue a writ of certiorari. Mr. Johnson is not entitled to habeas relief on this basis.

### 2. *Crime of Violence*

Mr. Johnson also alleges that trial counsel provided ineffective assistance by failing to argue that Hobbs Act robbery does not qualify as a crime of violence. Dkt. 1 at 5. Counsel's failure to present this argument does not constitute deficient performance because the Seventh Circuit has repeatedly concluded—both before and after Mr. Johnson's guilty plea—that Hobbs Act robbery qualifies as a crime of violence for purposes of a § 924(c) conviction. *See United States v. McHaney*, 1 F.4th 489, 491 (7th Cir. 2021) ("[W]e have held time and again that Hobbs Act robbery qualifies as a crime of violence under the elements clause . . . ."); *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017) (recognizing the recent holding that Hobbs Act robbery qualifies as a crime of violence under the elements clause). Counsel's "performance was not deficient by failing to make a futile objection." *Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015); *see also United States v. Neeley*, 189 F.3d 670, 684 (7th Cir. 1999) ("Obviously, counsel cannot be considered ineffective for failing to make an objection to the introduction of evidence that was properly admitted.").

Mr. Johnson cannot establish that counsel's performance was constitutionally deficient. He therefore is not entitled to habeas relief on this basis.

### IV. Motion for Abeyance and Appointment of Counsel

After filing his reply, Mr. Johnson filed a motion for abeyance and appointment of counsel. Dkt. 11. He asks the Court to delay issuing a ruling on his § 2255 motion until the Supreme Court issues a decision in *United States v. Taylor*, No. 20-1459, and to appoint counsel to represent him in this action. *Id.* For the reasons explained below, Mr. Johnson's motion, dkt. [11], is **denied**.

Mr. Johnson wants the Court to wait for a decision in *Taylor* before addressing the merits of his § 2255 motion. *See* dkt. 11 at 1-3. The Court need not wait, however, because the issue presented in *Taylor* differs from the argument Mr. Johnson presents in his § 2255 motion. The issue in *Taylor* is whether attempted Hobbs Act robbery is a crime of violence. Brief for the United States, *United States v. Taylor*, No. 20-1459, *available at* 2021 WL 4121414 (Sept. 2021). Here, Mr. Johnson pleaded guilty to Hobbs Act robbery, not attempted Hobbs Act robbery. As set forth above, Seventh Circuit precedent squarely concludes that Hobbs Act robbery is a crime of violence. *See supra* Part III.B.2. The Supreme Court's analysis of attempted Hobbs Act robbery likely will not undermine this precedent. Thus, there is no reason to wait to resolve Mr. Johnson's § 2255 motion.

Mr. Johnson also seeks the appointment of counsel. If a petitioner is financially eligible for the appointment of counsel, the Court must consider whether "the interests of justice so require" appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B). "As its name betrays, the 'interests of justice' standard contemplates a peculiarly context-specific inquiry," thus the Supreme Court has declined to "provide a general definition of the standard." *Martel v. Clair*, 565 U.S. 648, 663 (2012); *see Winsett*, 130 F.3d at 281 (reviewing the district court's denial of counsel under § 3006A(a)(2)(B) by considering if, given the difficulty of the case and the petitioner's ability, the petitioner "could not obtain justice without an attorney" and "would have had a reasonable chance of winning with a lawyer"). At this point, it is not in the interests of justice to appoint counsel to represent Mr. Johnson. He has not presented any evidence to support a finding that he requires the assistance of counsel due either to the complexity of the case or to his ability. Rather, the record indicates that Mr. Johnson has the means to present his claims in this action, is literate, and seems aware of any circumstances that could support a claim challenging his conviction and sentence.

8

## V. Conclusion

For the reasons explained in this Order, Mr. Johnson is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, Mr. Johnson's motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Additionally, Mr. Johnson's motion for abeyance and appointment of counsel, dkt. [11], is **denied**.

Judgment consistent with this Order shall now issue, and the Clerk **shall docket a copy of this Order in No. 1:17-cr-00027-SEB-MJD-1**. The motion to vacate, Crim. Dkt. [125], shall also be **terminated** in the underlying criminal action.

## VI. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Johnson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 1/5/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ZAKEE JOHNSON
15663-028
MANCHESTER - FCI
MANCHESTER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 4000
MANCHESTER, KY 40962

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov